PEOPLE *v.* SMITH.

1. CRIMINAL LAW—RECORDER'S COURT—NEW TRIAL.
   Motion for new trial in recorder's court of city of Detroit, filed after expiration of time limited by Act No. 99, Pub. Acts 1927, § 12, was properly denied; time fixed by said statute being mandatory.

2. SAME—TRIAL—CROSS-EXAMINATION.
   Refusing defendants' counsel permission to cross-examine witness was not reversible error, where request therefor was made after trial was concluded and on day to which hearing had been adjourned for sentence.

3. SAME—ERRONEOUS SENTENCE.
   That part of sentence requiring persons convicted of disturbing peace and placed on probation to move from neighborhood in which they lived is without authority of law, and case is remanded for such sentence or order as to trial court shall seem meet.

Error to Recorder's Court of Detroit; Bartlett (Charles L.), J. Submitted June 12, 1930. (Docket No. 103, Calendar No. 34,545.) Decided October 8, 1930.

Floyd S. Smith and another were convicted of disturbing the peace and sentenced to move from their neighborhood. Conviction affirmed. Remanded for lawful sentence.

*Calvin L. Bancroft* and *D. B. Hinckley,* for defendants.

*Wilber M. Brucker,* Attorney General, *James E. Chenot,* Prosecuting Attorney, and *Lewis J. Weitzman,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.   The defendants were charged by one of their neighbors with disturbing the peace on Sunday, March 31, 1929.  They were placed on trial before the recorder of the city of Detroit on April 9th.  The testimony of the complaining witness and one of the defendants was then taken.  The court then announced that he would refer the matter to the probation department, and an adjournment was had to April 20th.  Apparently at the suggestion of the probation officer, the cause was again adjourned to May 18th.  On that day, after discussion with counsel, the defendants were placed on probation for three months, and ordered to move out of the neighborhood in which they lived.

On June 18, 1929, a motion for a new trial, filed on June 11th, was submitted to Judge Van Zile of the recorder's court.  Error is assigned on the denial of the motion.  The time for making such motion had expired.  Act No. 99, Pub. Acts 1927, § 12.  The time fixed by the statute is mandatory. *People* v. *Wilson,* 246 Mich. 282.

The record discloses no reversible error upon the trial.  Complaint is made that defendants' attorney was refused permission to cross-examine witnesses. This request was made after the trial was concluded and on the day to which the hearing had been adjourned for sentence.

That part of the order made providing that defendants should vacate the premises in which they lived was without authority of law.  The record will be remanded for such sentence or order as to the trial court shall seem meet.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.