PEOPLE v. SATTLER

1. COURTS—COURT OF APPEALS—JURISDICTION—PROCEDURE—SOURCES.
Jurisdiction of the Court of Appeals is provided by law and its procedure by rule of the Michigan Supreme Court (Const 1963, art 6, § 10; MCLA 1969 Cum Supp § 600.308).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 20 Am Jur 2d, Courts § 87 *et seq.*
[2] 4 Am Jur 2d, Appeal and Error § 161.
[4] 4 Am Jur 2d, Appeal and Error §§ 4, 11, 47, 50.
[5] 4 Am Jur 2d, Appeal and Error § 4.
[6] 21 Am Jur 2d, Criminal Law §§ 562, 563, 566.
[7] 21 Am Jur 2d, Criminal Law § 566.
[8] 21 Am Jur 2d, Criminal Law §§ 565, 566.

2. Appeal and Error—Final Judgment—Probation Order.
   An order of probation is a final judgment appealable as of
   right if the appeal is taken within the time limits specified
   by court rule (MCLA 1969 Cum Supp § 600.308; GCR 1963,
   803.1).

3. Courts—Court of Appeals—Jurisdiction—Final Judgment.
   The Court of Appeals has jurisdiction of all final judgments
   from circuit courts (MCLA 1969 Cum Supp § 600.308).

4. Courts—Jurisdiction—Court of Appeals.
   Jurisdiction of the Court of Appeals attaches when a claim of
   appeal is filed with it, and that appeal cannot be dismissed
   except on stipulation, on special motion and notice, or by the
   Court of Appeals on its own motion (GCR 1963, 802.1).

5. Appeal and Error—Lack of Jurisdiction—Belated Issue.
   The Court of Appeals would not deny jurisdiction of a filed
   claim of appeal from an amended circuit court order of
   defendant's probation where the prosecuting attorney could
   have solved the jurisdictional problem by a timely motion to
   dismiss instead of belatedly raising the lack of jurisdiction
   in his brief, since members of the state bar are not relieved
   of their responsibility to follow the rules of appellate proce-
   dure merely because the appellate court clerk has in the past,
   by efficiency and by alertness, prevented many untimely claims
   of appeal from being filed.

6. Criminal Law—Probation—Matter of Grace.
   Probation is a matter of grace and the statutory authority of a
   sentencing judge is broad not only in granting probation but
   also in altering and amending his probation orders (MCLA
   § 771.1 et seq.).

7. Criminal Law—Probation—Appeal and Error—Noninterfer-
   ence.
   Probation is peculiarly within the province of the sentencing
   judge, and an appellate court should not interfere in proba-
   tion matters absent a showing of a violation or abuse of
   statutory authority or a violation of some constitutional
   right of the defendant.

8. Appeal and Error—Courts—Trial—No Presumptions of Incom-
   petence.
   The Court of Appeals does not presume judicial incompetence,
   negligence, or inaccuracy, in the absence of any showing by
   defendant that the amount of restitution specified in a circuit

court amended order of probation was inaccurate, but in view of the substantial amount of restitution ordered defendant would be given 30 days from the release date of the appellate opinion to petition the trial court for an opportunity to demonstrate the inaccuracy of the restitution amount.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 December 3, 1969, at Grand Rapids. (Docket No. 5,962.) Decided December 9, 1969.

Spencer Sattler was convicted, on a plea of guilty, of obtaining money under false pretenses. Defendant appeals. Affirmed with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John R. Blakeslee,* Prosecuting Attorney, and *James R. McCormack,* Special Assistant Prosecutor, for the people.

*Tom Downs,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and McGREGOR and QUINN, JJ.

QUINN, J. November 10, 1966, defendant pleaded guilty to a charge of obtaining money under false pretenses contrary to MCLA § 750.218 (Stat Ann 1962 Rev § 28.415). September 18, 1967, defendant was placed on probation for two years and the part of the probation order pertinent to present decision reads:

"Restitution and terms to be determined at later date. * * *

Sixth. Fine and costs to be paid at the rate of $10 per month. Restitution to be determined at a later date at fixed amount."

The same day defendant signed a statement at the bottom of the order that he had read it and received a copy of it.

Defendant, as supervisor of Blair township, Grand Traverse county, had illegally obtained money from Blair township over a period of time, the amount being undetermined at the time of defendant's sentence. The trial court had state auditors compute the total amount of defendant's depredations. At the conclusion of this audit of the township books and records, the auditors determined the total sum to be $7,842.85, and the trial court issued an amended order of probation December 7, 1967 which reads in pertinent part:

"Seventh: That he shall make restitution of $7,-842.85 to the Blair township treasurer during said term of probation."

December 20, 1967, defendant signed a statement at the bottom of this order that he had read it and received a copy of it.

June 25, 1968, the amended order was filed. July 23, 1968, defendant filed claim of appeal from the amended order of probation, a motion for stay and to set personal bond. November 14, 1968, the trial court granted a stay of execution of the order amending probation and continued defendant's personal bond.

September 5, 1969, the trial judge again amended the order of probation by extending the term for two years.

We first deal with the contention of the people that this Court lacks jurisdiction because defendant did not have an appeal as of right from the amended order of probation; hence, the filing of claim of appeal did not give this Court jurisdiction.

The Court's jurisdiction is provided by law, its procedure by rule of the Supreme Court. Const 1963, art 6, § 10. By statute, MCLA 1969 Cum Supp § 600.308 (Stat Ann 1969 Cum Supp § 27A.308), the Court has jurisdiction of all final judgments from circuit courts. The September 18, 1967, order of probation was a final judgment appealable as of right, *Calhoun* v. *Macomb Circuit Judge* (1968), 15 Mich App 416, if the appeal was taken within the time limits specified in GCR 1963, 803.1. Defendant had no appeal of right from the amended order of probation filed June 25, 1968.

This does not solve the problem, however. The jurisdiction of this Court attaches when a claim of appeal is filed in this Court, and the appeal cannot be dismissed except on stipulation, on special motion and notice, or by the Court of Appeals on its own motion. GCR 1963, 802.1, as amended. While the efficiency and alertness of the Clerk of this Court have prevented many untimely claims of appeal from being filed, this efficiency and alertness do not relieve the bar of its responsibility to require that procedural rules of this Court be followed. A timely motion to dismiss by the prosecuting attorney would have solved this jurisdictional problem belatedly raised in the people's brief. It would serve no purpose to deny jurisdiction at this stage of the appeal, so we proceed to decision.

The legislatively announced state policy with respect to probation is that it is a matter of grace. MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134). The statutory authority of a sentencing judge granting probation is broad, as is his authority to alter and amend the probationary order. MCLA §§ 771.1, 771.2, 771.3 (Stat Ann 1969 Cum Supp § 28.1131, Stat Ann 1954 Rev § 28.1132 and Stat Ann 1969 Cum Supp § 28.1133). Probation is pe-

culiarly within the province of the sentencing judge, and an appellate court should not interfere in probation matters absent a showing of a violation or abuse of statutory authority or violation of some constitutional right of the defendant.

The order and amended orders of probation were the orders of the sentencing judge and each was authorized by the statutes last cited. The fact that the sentencing judge used state auditors to determine the amount of defendant's depredations was not a delegation of judicial authority. It was a ministerial act by which the trial judge obtained the information required to complete the order of probation. By adopting the amount determined by the audit as the amount of restitution and placing that sum in the amended order of probation as the amount of restitution, the sentencing judge made that his judicial determination of the amount of restitution.

By his signed statement, defendant received and read the amended order of probation December 20, 1967. He did nothing with respect to it until July 23, 1968, when he filed claim of appeal. If the amount of restitution was erroneous, or if defendant questioned the method and means of computing it, he had ample opportunity to do so in the trial court, which had the material and facilities at hand or available for this purpose. This Court has neither the material nor facilities for determining the accuracy of the amount of restitution ordered. Defendant has not demonstrated that the amount is inaccurate, and we do not presume judicial incompetence or negligence in the court below, *People* v. *Winegar* (1968), 380 Mich 719, 733, to which we add inaccuracy.

In view of the substantial increase of the amount of restitution mentioned by the trial judge in his

remarks from the bench and the amount specified in the order of probation, defendant is granted 30 days from date of the release of this opinion within which to petition the trial court for an opportunity to demonstrate the inaccuracy of the amount of restitution.

On the present record, the amended orders of probation are affirmed.

All concurred.