PEOPLE *v.* HIGGINS

OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—PROBATION—CONDITIONS—
   WAIVER.

   A criminal defendant's agreement to abide by conditions of
   probation imposed by a trial judge is not a waiver of his
   right to challenge the legality of one of those provisions by
   appeal.                                            .

2. APPEAL AND ERROR—CRIMINAL LAW—PROBATION—CONDITIONS—
   MOOTNESS.

   The question of legality of a condition of probation imposed
   on a criminal defendant, that he should not play college or
   professional basketball without the court's consent during his
   probation, is not rendered moot on appeal when the trial court
   gives permission for him to play basketball, since such
   play is still contingent on the court's approval.

3. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS.

   A trial court need not grant probation to a defendant, but
   once it decides to order probation rather than imprisonment,
   the conditions it imposes on such probation must be lawful
   (MCLA § 771.3).

4. CRIMINAL LAW—PROBATION—CONDITIONS—REHABILITATION.

   The restriction of a defendant from playing college or profes-
   sional basketball as a condition of probation is not a lawful
   provision within the meaning of the probation statute, where
   it appears that the restriction is more likely to impede
   rehabilitation than to promote it (MCLA § 771.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5-7]  4 Am Jur 2d, Appeal and Error § 274.
   21 Am Jur 2d, Criminal Law § 566.
[3, 4]  21 Am Jur 2d, Criminal Law § 565.

DISSENTING OPINION
DANHOF, J.

5. CRIMINAL LAW—SENTENCE—PROBATION—DISCRETION.
   The statutory authority granted a sentencing judge in regard
   to probation is broad, along with his authority to amend the
   probation order (MCLA §§ 771.1, 771.2).

6. APPEAL AND ERROR—CRIMINAL LAW—PROBATION.
   The Court of Appeals should not interfere in matters of proba-
   tion absent a violation or abuse of statutory authority, or
   violation of some constitutional right of defendant.

7. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS.
   A condition of probation imposed on a criminal defendant, that
   he should not play college or professional basketball without
   the court's consent during his probation, does not violate any
   constitutional right of the defendant, and should not be inter-
   fered with where there is no showing on the record that the
   sentencing judge abused his statutory authority.

Appeal from Washtenaw, James R. Breakey, Jr.,
J. Submitted Division 2 November 10, 1969, at Lan-
sing. (Docket No. 6,127.) Decided March 24, 1970.

Earle B. Higgins was convicted, on a plea of
guilty, of breaking and entering an occupied dwell-
ing and sentenced to five years' probation with cer-
tain conditions. Defendant appeals as to conditions.
Reversed in part.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William F. Delhey*,
Prosecuting Attorney, and *Carl V. Fink*, Assistant
Prosecuting Attorney, for the people.

*Sheldon Otis*, for defendant.

Before: LEVIN, P. J., and T. M. BURNS and DAN-
HOF, JJ.

T. M. BURNS, J. On March 18, 1968, defendant
entered a plea of guilty in the Washtenaw County

circuit court to the charge of breaking and entering an occupied dwelling.*  After a presentence investigation was completed and a report submitted, the trial judge sentenced the defendant on August 9, 1968 to five years' probation.  Besides the usual conditions of probation, the trial judge imposed as an additional condition of probation that defendant was not permitted to play either college or professional basketball during the period of probation without the court's consent.

Defendant on appeal asserts that this condition is invalid.

The defendant, a college basketball player of no small ability, is in school on an athletic scholarship which he would lose if he were not permitted to play.  The people assert that since the trial court gave its permission for the defendant to play ball for his college, some seven months after the probation order, the question is now moot.  We do not find it thus since such play as well as any possible professional offer is contingent on the court's approval.  Neither do we find that the defendant's agreement to abide by such a probation provision waives his right to appeal and challenge the legality of the provision, as the people suggest.  The defendant could understandably have believed that if he did not accept the probationary terms set down by the trial judge, the offer of probation would be revoked and he would be sent to jail.  See *People* v. *O'Hara* (1879), 41 Mich 623, 624.  Compare *People* v. *Mulier* (1968), 12 Mich App 28.

Although the trial court need not have granted probation in this, or any other case, once he decides to order probation rather than imprisonment the conditions he imposes on such probation must be lawful.  MCLA § 771.3 (Stat Ann 1969 Cum Supp

---

* MCLA § 750.110 (Stat Ann 1969 Cum Supp § 28.305).

§ 28.1133). See *People* v. *Becker* (1957), 349 Mich
476; *People* v. *Baum* (1930), 251 Mich 187; *People*
v. *Smith* (1930), 252 Mich 4.

This Court said in *City of Detroit* v. *Del Rio*
(1968), 10 Mich App 617, 620:

"It would serve no useful purpose to attempt to
catalogue what may be 'other lawful conditions of
probation.' The Court is not disposed to attempt
what the legislature has avoided, and it is clear that
considerable latitude is intended for the trial judge
in imposing the conditions he may deem pertinent
to the offense and appropriate to the rehabilitation
of the offender."

The trial judge stated no reason for the restriction,
nor have the people explained how this restriction
might be related to the defendant's rehabilitation.
On the other hand, the defendant has persuasively
shown that the restriction on playing basket-
ball is more likely to impede than to promote his
rehabilitation. As no rational reason has been
suggested in justification and as it appears that
the restriction is more likely to impede rehabilita-
tion than promote it, we conclude that it is not a
"lawful provision" within the meaning of the stat-
ute.

Consequently, we reverse the trial court to the
extent of this illegal provision, numbered 12 on the
probation order.

Reversed.

LEVIN, P. J., concurred.

DANHOF, J. (*dissenting*). My dissent is not predi-
cated upon any dispute with what the majority has
written in regard to the law, but rather because it
does not fit the instant case.

An examination of the record discloses that at
the time the defendant entered his plea of guilty to

the charge of breaking and entering an occupied dwelling, he was in violation of a previous probation order entered by a court in the state of Wyoming. At the time of his conviction the defendant was attending Eastern Michigan University on an athletic scholarship and undoubtedly this had some influence on the trial court in again granting the defendant probation. The trial judge placed defendant on five years' probation and stated as one of the conditions of the probation "No varsity or professional basketball during probation unless permitted by the court." Thereafter upon petition by the defendant the trial judge amended the previous order of probation and allowed the defendant to participate in basketball at Eastern Michigan University. By granting this amendment the trial judge showed more than a passing interest in the rehabilitation of the defendant, but still was trying to impress upon him the seriousness of his past behavior.

The defendant has appealed alleging that the original prohibition against basketball constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Const 1963, art 1, § 16. This argument is so palpably without merit that it does not warrant further discussion.

The legislature has announced as a state policy that probation is a matter of grace, MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134). The statutory authority granted a sentencing judge in regard to probation is broad, along with his authority to amend the probation order. MCLA § 771.1 (Stat Ann 1969 Cum Supp § 28.1131), MCLA § 771.2 (Stat Ann 1954 Rev § 28.1132), MCLA § 771.3 (Stat Ann 1969 Cum Supp § 28.1133). An appellate court should not interfere in probation matters absent a violation or abuse of statutory authority, or violation of some

constitutional right of the defendant, *People* v. *Sattler* (1969), 20 Mich App 665.

This Court said in *City of Detroit* v. *Del Rio* (1968), 10 Mich App 617, 620:

"It would serve no useful purpose to attempt to catalogue what may be 'other lawful conditions of probation.' The Court is not disposed to attempt what the legislature has avoided, and it is clear that considerable latitude is intended for the trial judge in imposing the conditions he may deem pertinent to the offense and *appropriate to the rehabilitation of the offender."* (Emphasis supplied.)

I know of no constitutional right which allows the defendant to play basketball, and there has been no showing on this record that the trial judge abused the statutory authority with which he has been invested by the legislature. It is not for an appellate court to sit in review of matters such as this, nor to try to second-guess the rehabilitation efforts of the trial judge. In fact, from what has been disclosed, the efforts of the trial judge have been successful. The defendant, to the knowledge of this writer, has in fact lived up to all the conditions of probation and may now realize that his former behavior will not lead to the type of career which he hopes to pursue at the end of his educational endeavors.

The claim that the defendant may be prohibited from playing professional basketball is entirely too speculative to discuss at this time. There is no showing in the record that the defendant has received any concrete offers to play professional basketball. In fact by his own admission he has at best had "some feelers." If and when these feelers

develop into firm offers, it will be time enough to deal with them on a proper motion made to the trial judge or his successor.

I would affirm.