PEOPLE v HEIL

1. APPEAL AND ERROR—CRIMINAL LAW—PROBATION VIOLATION—
   HEARINGS.

   A defendant in an appeal from an order revoking his probation who has not taken an appeal from his conviction may properly raise those matters relating to the probation violation and the hearing thereon but may not attack the validity of his conviction.

2. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS.

   A trial court need not grant probation to a defendant, but once it decides to order probation rather than imprisonment, the conditions it imposes on such probation must be lawful.

3. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS—UNLAWFUL
   CONDITIONS.

   It is improper to revoke a defendant's probation for breaking conditions of probation where the conditions which were broken were not lawful conditions.

4. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS—RESTITUTION
   ORDER—VICTIM'S LOSS—DEFENDANT'S ABILITY TO PAY.

   A restitution order must be based on a victim's loss, in order to be a valid condition of probation, although it may be limited by the defendant's ability to pay; where the reparational amounts ordered paid as a condition of a defendant's probation are essentially arbitrary, the Court of Appeals will not impose a burden on the defendant of showing the inaccuracy of the amounts.

5. CRIMINAL LAW—SENTENCE—PROBATION—CONDITIONS—RESTITUTION
   —CIVIL DAMAGES—STATUTES.

   The probation statute does not create a substitute for civil damages; criminal and civil liability are not synonomous; civil liability need not be established as a prerequisite to the requirement of restitution as a condition of probation, therefore,

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[2–5] 21 Am Jur 2d, Criminal Law §§ 564, 565.

such restitution for personal injury generally should be more limited in scope than civil damages.

6. Appeal and Error—Criminal Law—Sentence—Probation—Revocation—Conditions—Restitution.

   The Court of Appeals should reverse a revocation of a defendant's probation based on the defendant's failure to comply with a restitution order where the record does not disclose the purpose of the payments, nor the manner in which they were determined and, therefore, the Court of Appeals is unable to conclude that the payments constitute lawful restitution.

Appeal from Oakland, Arthur E. Moore, J. Submitted October 13, 1977, at Lansing. (Docket No. 77-2501.) Decided November 22, 1977.

George W. Heil, Jr., was convicted of manslaughter. Defendant was placed on probation. Probation revoked. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Appellate Counsel, for the people.

*Hiller, Howard, Larky & Hoekenga,* for defendant on appeal.

Before: Danhof, C. J., and Allen and H. L. Heading,* JJ.

Danhof, C. J. On May 26, 1976, defendant was found guilty by a jury of manslaughter contrary to MCLA 750.321; MSA 28.553. This conviction arose out of a collision between an automobile driven by the defendant and a second automobile whose

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

driver suffered severe injuries and subsequently died. On July 15, 1976, defendant was sentenced to five years probation. Several probation conditions were imposed including payment within 90 days of $3,000 to the victim's wife, and, additionally, payment of one half of defendant's after-tax income throughout the probation period. Subsequently, the probation order was amended to require that the payments be made to the fiduciary of the victim's estate or, in the alternative, to the wife of the victim. Defendant apparently fulfilled all of the other probation conditions but failed to make any of the payments set out above. On April 11, 1977, following two hearings and a determination by the lower court that the defendant was financially able to make the payments, defendant was found to be in violation of his probation and sentenced to serve a term of 1-1/2 to 15 years in prison; the sentence to begin on July 11, 1977. The probation order was further amended to require payment of a fixed dollar amount per week rather than the one half of defendant's income required by the original order. This Court granted defendant's motion to stay imposition of sentence pending appeal.

On appeal defendant raises five issues. We note, however, that defendant has not taken an appeal from his manslaughter conviction. Therefore, defendant's first two arguments, attacking the validity of that conviction, are not properly before this Court. In this appeal from the order revoking his probation, the defendant may properly raise those matters relating to the probation violation and the hearing thereon. See *People v Pickett,* 391 Mich 305, 316–318; 215 NW2d 695 (1974).

We will limit our discussion to those issues properly before us. In *People v Higgins,* 22 Mich App 479, 481; 177 NW2d 716 (1970), Judge T. M.

BURNS pointed out that "although the trial court need not have granted probation * * * the conditions he imposes on such probation must be lawful". If the conditions imposed on defendant's probation in the instant case were not lawful, then it was improper to revoke his probation for failure to comply with those conditions.

The people argue that the two disputed conditions were lawful because authorized by the probation statute, MCLA 771.3; MSA 28.1133, which reads in part:

"The court may impose such other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper."

The people further argue that *People v Good,* 287 Mich 110; 282 NW 920 (1938), is "controlling precedent for the proposition that restitution payments can be ordered in the instant case". In *Good,* the Court upheld the *right* of a trial court to order restitution payments as a condition of probation for a defendant convicted of negligent homicide with an automobile. The *Good* Court rejected the argument that because the defendant had not been granted a hearing as to the amount of restitution, he had been denied due process of law. The *Good* Court found that no damages were assessed by a restitution order because such an order is not a judgment upon which execution can issue, but rather a mere condition of probation.

In the instant case defendant relies primarily on *People v Becker,* 349 Mich 476; 84 NW2d 833 (1957), wherein the rationale of the *Good* opinion is criticized. In *Becker,* the Court refused to extend the *Good* rule to a defendant who had pled guilty

to unlawfully leaving the scene of a personal injury accident. In *Becker,* the defendant denied fault for the accident. The Supreme Court held that in such circumstances the trial court could not condition probation on payment of money restitution to the accident victims. The *Becker* opinion characterized the holding of *Good* thusly:

"Thus we have held that the statutory sanction of requiring 'restitution' as a condition of probation comprehended ordering the defendant in a criminal case to pay to certain third persons (not parties plaintiff or defendant in the criminal action) a sum of money fixed by the court itself. This, it will be noted, was without trial either as to extent of civil liability, or, indeed, as to the existence of civil liability itself." *People v Becker, supra,* at 480.

In refusing to extend this holding the *Becker* opinion pointed out that in *Good* "injuries to the deceased apparently arose out of the very crime for which the defendant was convicted, namely, felonious homicide. But here the act of which defendant was convicted was not that of striking down but of leaving." *People v Becker, supra,* at 480. The opinion goes on to severely criticize the rationale of the *Good* opinion, then states:

"We conclude, from the authorities above cited, that even where imposition of the restitution requirement is held to be proper under the circumstances of the particular case before the court, it can be imposed only as to loss caused by the very offense for which defendant was tried and convicted. As to the other crimes or offenses there has been no fixing of his liability therefor in a constitutional sense." *People v Becker, supra,* at 486.

While criticizing the rationale of *Good,* the *Becker* opinion relies on the more limited ground that

even assuming that the statute allowed restitution consisting of compensation for personal injuries done and further assuming that civil and criminal liability are "synonymous", still restitution "can be imposed only as to loss caused by the very offense for which defendant was tried and convicted". The *Becker* opinion was signed by four justices. Four other justices concurred in the result. The instant case more closely parallels *Good* than *Becker.* Several decisions of this Court rendered subsequent to both *Good* and *Becker* shed some light on their proper application.

*People v Nawrocki,* 8 Mich App 225, 227; 154 NW2d 45 (1967), involved a defendant convicted of uttering and publishing one forged check, but who was required as a condition of his probation to make restitution to third parties on other checks as well. The opinion reads in part:

> "The second claim of defendant is that his order of probation was erroneous because it required forthwith payment of the total of several other forged checks uttered and published by him and costs of $100. Defendant met this term of the probation order. Assuming a valid conviction, we read CL 1948, § 771.3 (Stat Ann 1954 Rev § 28.1133) as authorizing such terms in a probation order following conviction of a crime of the type involved here. (See *People v. Becker* [1957], 349 Mich 476.)"

In *People v Gallagher,* 55 Mich App 613, 617–621; 223 NW2d 92 (1974), *lv den,* 393 Mich 766 (1974), this Court upheld a probation condition ordering restitution in an amount exceeding the value of the property directly involved in defendant's criminal conviction. The *Gallagher* opinion reads in part:

> "Defendant was convicted of receiving the cowl worth

at most $1,500 from a stolen car worth at least
$6,277.84. He was required to make restitution of
$6,277.84. He claims the judge could not do that and
cites *People v Becker,* 349 Mich 476, 486; 84 NW2d 833
(1957), to wit:

" '[E]ven where imposition of the restitution require-
ment is held to be proper under the circumstances of
the particular case before the court, it can be imposed
only as to loss caused by the very offense for which
defendant was tried and convicted.'

"In *Becker,* four of the eight justices concurred only
in the result and the language relied on by defendant
was unnecessary. Mr. Becker, an uninsured teen, de-
nied fault, and only admitted illegally leaving the acci-
dent scene. If what he said was true, he would not owe
the money he was required to pay. That case is very
different from ours.

\*   \*   \*

"Statutes similar to ours in other states have been
held to permit restitution of the whole loss caused by a
course of criminal conduct upon conviction of a crime
arising out of that conduct.

\*   \*   \*

" \* \* \* restitution and the procedure to determine it
should be fair. The amount of restitution or reparation
should be reasonable.

\*   \*   \*

"If restitution ordered is not paid because the defend-
ant has been unable to pay it, he should not have
probation revoked or be imprisoned. The principle in-
volved is the same as that involved in imprisonment for
failure to pay a fine that cannot be paid.

\*   \*   \*

"It seems desirable to have the defendant and his
lawyer participate in the restitution decision. The mat-
ter might be discussed at the time of a plea of guilty.
The recommended amount of restitution or reparation
and the manner of its payment should be included in
the presentence report and disclosed. The court might
tell the defendant at the time of conviction that if
probation is granted, restitution may be required, and

suggest that he and his lawyer propose a plan for restitution to the presentence investigator. In any event, the court could invite comment from defendant about the restitution the court is considering before it is imposed as a part of the sentence.

"The amount and manner of payment of reasonable restitution is a matter for the judgment of the sentencing judge, as to him 'may be meet and proper'.

" 'The legislatively announced state policy with respect to probation is that it is a matter of grace. MCLA 771.4; MSA 28.1134. The statutory authority of a sentencing judge granting probation is broad, as is his authority to alter and amend the probationary order. MCLA 771.1, 771.2, 771.3; MSA 28.1131, 28.1132, 28.1133. Probation is peculiarly within the province of the sentencing judge, and an appellate court should not interfere in probation matters absent a showing of a violation or abuse of statutory authority or violation of some constitutional right of the defendant.' *People v Sattler,* 20 Mich App 665, 669–670; 174 NW2d 605, 607 (1969).

"The justice of restitution is deeply rooted in human nature and history. Proverbs, 6:30–31; 4 Blackstone, Commentaries, pp 429–430. Compensation of victims of crime has been enacted in England and is popularly advocated here. Who better to compensate the victims to the extent he or they can do so than the criminal or criminals causing the harm?

"The trial judge's requirement that defendant pay the value of the stolen car from which the cowl was found in his collision shop is not in violation of the probation statute nor is it a violation of any constitutional right of the defendant. We do not find it to be an abuse of the judge's discretion."

*People v Jim Williams,* 57 Mich App 439, 441–442; 225 NW2d 798 (1975), involved a defendant who had pled nolo contendere to felonious assault, and who was sentenced to two years probation on the condition that he pay $500 in court costs and fine and make restitution to the victim of the

assault in the amount of $1,500. The opinion reads in part:

"Defendant next argues that the imposition of restitution payments to the injured party as a condition of his probation violates due process of law. MCLA 771.3; MSA 28.1133, authorizes the sentencing court to require the payment of restitution and costs as a condition of probation. Furthermore, our courts have repeatedly held that when a defendant is given probation, he is not deprived of any of his rights without due process, but rather he is given the privilege of avoiding the usual penalty of his crime by the payment of a sum of money and observance of other conditions. *People v Good,* 287 Mich 110; 282 NW 920 (1938), *People v Jaynes,* 23 Mich App 360, 362; 178 NW2d 558 (1970), *People v Marks,* 340 Mich 495; 65 NW2d 698 (1954). Therefore, the trial court's requirement of restitution in the case at bar was not in violation of the probation statute nor was it a violation of any constitutional right of the defendant. See *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974)."

In *People v Sattler,* 20 Mich App 665; 174 NW2d 605 (1969), this Court, in effect, put on the defendant the burden of showing any inaccuracy in the amount of restitution ordered as a condition of probation. The *Sattler* opinion makes it clear, however, that the sentencing court in that case had attempted to fix the amount of restitution to equal the amount of money obtained by the defendant from his victims. The method of such determination was a matter of record. In *Gallagher, supra,* and *Nawrocki, supra,* the amount of restitution was made equal to the amount of loss suffered by victims of the defendants in those cases. The methods of computation were clearly revealed on the record. In *Good, supra,* while upholding the sentencing court's right to impose restitution as a probation condition, the Court set

aside the revocation and remanded the case to the trial court because the original probation order was invalid. The *Good* Court stating in part:

"The court should in any event include within its order the specific purpose, terms and conditions of the payment of money by a defendant if such payment is made a condition of probation." *People v Good, supra,* at 117.

The people's brief contends that "[a]ppellant makes no serious contention that the amount of restitution ordered is excessive". We note, however, that defendant does argue in his brief that the damages have never been measured and that the record does not provide a factual basis for the amounts of restitution ordered here. We agree. The reparational amounts ordered paid as a condition of probation in the instant case are essentially arbitrary. In such a case we will not impose a burden on the defendant of showing the inaccuracy of the amounts. To be a valid condition of probation the restitution order must be based on the victim's loss although it may be *limited* by a defendant's ability to pay. *People v Gallagher, supra.*

The probation statute does not create a substitute for an action for civil damages. Criminal and civil liability are not synonomous. A criminal conviction does not necessarily establish the existence of civil liability. Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition; such restitution for personal injury, therefore, generally should be more limited in scope than civil damages. In the instant case we believe that restitution should encompass only those losses which are

easily ascertained and measured, and which are a direct result of the defendant's criminal acts.

Since the record in the instant case does not disclose the purpose of the payments, nor the manner in which they were determined, we are unable to conclude that they constitute lawful restitution. We hold that revocation of probation may not be based on failure to comply with these unlawful conditions. We reverse the order of revocation.

Reversed and remanded.