PEOPLE v WAGER

Docket No. 67267. Submitted June 15, 1983, at Lansing.—Decided October 24, 1983.

Walter W. Wager was charged with manslaughter in the death of Robert Whitney. Whitney's death resulted from a collision between the truck which defendant was driving while intoxicated and the automobile in which Whitney was a passenger. Pursuant to a plea bargain, defendant was convicted on his plea of nolo contendere to the reduced charge of negligent homicide in Lapeer Circuit Court, Norman A. Baguley, J. Defendant was sentenced to probation for four years, with 180 days of that period to be spent in jail. As a condition of probation, defendant was ordered to pay as child support $30 per week for each of the deceased's two children as restitution for the support lost to them by reason of defendant's taking the life of their father. Five months after sentencing, defendant moved for a stay of execution or modification of the restitution portion of the probation order on the basis that he could no longer afford to make such payments. The trial court denied that motion. Defendant appeals, claiming that the restitution order is invalid because the method of computing the amount of restitution was not disclosed on the record and the trial court arbitrarily determined the amount of restitution. *Held:*

A prerequisite of appellate review of a restitution provision of an order of probation is disclosure of the purpose of the payment and the manner in which the amount of restitution was determined. While the trial court clearly indicated the purpose of the restitution, *i.e.,* to provide support for the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d, Criminal Law §§ 568, 570.
[2-4] 21 Am Jur 2d, Criminal Law § 572.
Ability to pay as necessary condition in conditioning probation or suspended sentence upon reparation or restitution. 73 ALR3d 1240.
Propriety of condition of probation which requires defendant convicted of crime of violence to make reparation to injured victim. 79 ALR3d 976.

decedent's children, the court could have been more explicit in setting forth its method of computation for determining the amount of restitution. Since the amount of the award was modest in comparison with the probable actual loss and was tailored to defendant's ability to pay, defendant was not harmed by the trial court's failure to set forth with specificity its manner of computation and, accordingly, the restitution order need not be set aside.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PROBATION — CONDITIONS OF PROBATION — APPEAL.

Sentencing judges are given wide latitude in setting conditions of probation; the Court of Appeals will disturb a sentencing judge's determination only if those conditions are unlawful (MCL 771.3; MSA 28.1133).

2. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION OR- DERS — APPEAL.

A prerequisite to adequate review of a restitution order which is a condition of a defendant's probation is disclosure of the purpose of the payment and the manner in which the amount of restitution has been determined.

3. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION OR- DERS.

A restitution order should be based on a victim's loss in order to be a valid condition of probation, although it may be limited by the defendant's ability to pay.

4. CRIMINAL LAW — SENTENCING — PROBATION — RESTITUTION OR- DERS — VICTIM'S LOSS.

A restitution order which is a condition of probation need not be set aside even though the trial court could have been more explicit as to its computation of losses where the restitution was in the form of child support for the children of the person killed by the defendant, the total amount of child support to be paid by the defendant pursuant to the restitution order was clearly a modest figure, the defendant's ability to pay was considered in setting the level of child support in the restitu- tion order, and the defendant was not harmed by the trial court's determination as to the proper amount of restitution.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nick O. Holowka,* Prosecuting Attorney, for the people.

*Donald E. Zell,* for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and
R. I. COOPER,* JJ.

SHEPHERD, J. Defendant was originally charged
with manslaughter in the death of Robert Lee
Whitney. Pursuant to a plea bargain agreement,
defendant pled nolo contendere to the reduced
charge of negligent homicide, MCL 750.324; MSA
28.556. The single issue presented in this appeal is
whether the trial court erred in requiring defen-
dant to make restitutory payments for the support
of the decedent's children during the period of
defendant's probation.

Mr. Whitney's death resulted from a collision
between defendant's pickup truck and Whitney's
car, which was driven by his wife. Mrs. Whitney
testified that defendant crossed over the yellow
center line on Davison Road in Lapeer County
and, despite her attempts to swerve out of the
way, defendant struck the Whitneys' car with his
truck. Mr. Whitney was a passenger in the front
seat; the two Whitney children were asleep in the
back seat. Defendant contended that he had
leaned over to roll up a window and did not realize
that his truck had strayed into the next lane. A
Breathalyzer test indicated that defendant's blood
alcohol level was .19.

On July 12, 1982, defendant was sentenced to
four years probation, with 180 days of that period
to be spent in confinement in the Lapeer County
jail. He was precluded from any contact with
alcohol and prohibited from using a car except to
drive directly to and from work. He was fined $500
and ordered to pay court costs. Finally, defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

was ordered to pay restitution in the form of $30-per-week child-support payments to each of the decedent's two minor children for the duration of his probationary period. On December 1, 1982, defendant moved for a stay of execution or modification of the probation order as it related to the child support payments, claiming that he could no longer afford to make the payments since he had been laid off and his unemployment benefits, which he had received from August 9, 1982, to October 4, 1982, had ceased. On January 7, 1983, an order was entered by the trial court denying defendant's motion. It is from this order that defendant appeals, although defendant challenges on appeal the propriety of the order as entered.[1]

Defendant's only claim on appeal is that the restitution order as issued by the trial court is invalid because the method of computing the amount of restitution was not disclosed on the record and the trial judge arbitrarily determined the victims' loss. At sentencing the judge told defendant:

"You are going to pay restitution. During the time that you are on probation, you are going to make up for the loss of income that family is going to suffer, at the rate of $30 dollars per week for each of the children."

MCL 771.3(2)(d); MSA 28.1133(2)(d) permits a trial court to order restitution:

---

[1] Defendant did not originally contest any part of the restitution order or the method used by the trial court in computing the amount of loss or determining appropriate payments. Defendant did not move to revise the order until December 1, 1982, nearly five months after the order was entered, and then sought not to vacate the order but requested a stay of execution or modification of the order based on defendant's unemployment and the cessation of his unemployment benefits. This appeal, contesting for the first time the propriety of the restitution order as a condition of probation, was filed in January, 1983.

"As a condition of probation, the court may require the probationer to do 1 or more of the following:

\* \* \*

"(d) Pay restitution to the victim."

MCL 771.3, subds (5)(a) and (6); MSA 28.1133, subds (5)(a) and (6) provide for the implementation of such a remedy:

"(5) If the court imposes restitution or costs as part of a sentence of probation, the following shall apply:

"(a) \* \* \* In determining the amount and method of payment of restitution and costs, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.

\* \* \*

"(6) If a probationer is required to pay restitution or costs as part of a sentence of probation, the court may require payment to be made immediately or the court may provide for payment to be made within a specified period of time or in specified installments."

This Court generally will not interfere with the conditions set for probation by trial courts unless those conditions are unlawful. *People v Winquest,* 115 Mich App 215, 220; 320 NW2d 346 (1982); *People v Bond,* 99 Mich App 86, 88; 297 NW2d 620 (1980). Nevertheless, this Court has stated that a "prerequisite to adequate appellate review of restitution orders is disclosure of the purpose of the payments and the manner in which the amount of restitution has been determined". *People v Pettit,* 88 Mich App 203, 205; 276 NW2d 878 (1979), *lv den* 406 Mich 987 (1979), citing *People v Heil,* 79 Mich App 739; 262 NW2d 895 (1977). In *Heil,* this Court reversed an order requiring a defendant convicted of negligent homicide to pay restitution

to the victim's wife because the damages had never been measured nor did the record provide a factual basis for the amount of restitution ordered by the trial judge. This Court found that:

"The reparational amounts ordered paid as a condition of probation in the instant case are essentially arbitrary. * * * To be a valid condition of probation the restitution order must be based on the victim's loss although it may be *limited* by defendant's ability to pay. * * *

"* * * [R]estitution should encompass only those losses which are easily ascertained and measured and which are a direct result of the defendant's criminal acts." *Heil, supra,* pp 748-749.

In the instant case, defendant contends that the actual losses resulting from the decedent's death were never computed by the trial court. There can be no question that the trial court adequately elucidated the purpose of the restitution order as mandated by *Pettit;* restitution in the form of child support was required specifically in order to compensate the decedent's family for the loss of income generated by his death. Defendant argues, however, that since the actual dollar amount of loss was never computed and since the method used by the trial court to determine an appropriate amount of restitution does not appear on the record the order itself was unlawful and therefore invalid. We cannot agree.

The amount and manner of payment of reasonable restitution is, within the boundaries set forth above, a matter for the trial court's judgment. *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974). Failure to set forth on the record the method of computing a restitution amount need not require the setting aside of the order where

the defendant is not harmed by the trial court's determination. See *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135; 324 NW2d 782 (1982), *lv den* 417 Mich 985 (1983).

Although we agree that the trial court could have been more explicit as to its computation of the losses resulting from the decedent's death, we find that any vagueness did not result in harm to defendant. The amount of restitution was measured by the loss resulting from the decedent's death, that being the income contributed by the decedent who was the family breadwinner. While such a loss is often hard to determine, given employment fluctuations and varying support needs, it is clear that the $60 per week ordered by the trial court was a modest figure. Plainly the trial court took defendant's own economic circumstances into account and limited the amount of restitution ordered to an amount commensurate with the defendant's ability to pay and the length of the probationary period. Since it is highly likely that the loss generated by decedent's death exceeded $60 per week and would extend beyond defendant's four-year probationary period, any error generated by the trial court's failure to compute exact amounts inured to defendant's benefit.

Further, restitution payments were not set in an arbitrary fashion. The $30 per child per week payments ordered by the trial court conformed to the Friend of the Court schedule as it applied to the amount earned by defendant while receiving unemployment compensation. While a figure individually tailored to the needs of the children in light of their father's income in this case might have been preferable, the amount of restitution actually set was one which best accorded with defendant's ability to pay. Although restitution

was ordered before defendant actually began receiving unemployment benefits and thus it is not clear that the trial judge actually relied upon the Friend of the Court schedule in setting an appropriate amount, the judge was surely familiar with the schedule. Further, it is clear from the record that defendant's income at the time of sentencing was substantially greater than that subsequently received from unemployment benefits. Again it is clear that any error which may have occurred in originally computing an appropriate amount for restitution benefited defendant.

As this Court has previously noted, statutory language setting restitutory limits " 'as the circumstances of the case may require or warrant, or as in [the trial court's] judgment may be proper' [MCL 771.3(3); MSA 28.1133(3)] as well as the broad discretion as to costs, indicates an intent that the sentencing judge should be free to fashion a just remedy under all the conditions". *People v Bond, supra,* p 88. We find that "a meet and proper" remedy was ordered here. See *People v Gallagher, supra,* p 621. While the findings of the trial court could have been more explicit, the amount of restitution ordered and the method of its payment were not unreasonable and serve a just and legitimate purpose. Furthermore, defendant was not harmed by the trial court's determination.

We do not find *People v Heil, supra,* relied upon by defendant in his brief, to be controlling. There, the victim's wife was to be paid a lump sum payment of $3,000 within 90 days of sentencing and one-half of the defendant's after-tax income throughout the five-year probationary period. Upon failure to make the payments, defendant's

probation was revoked.[2] This Court reversed the order of revocation because the trial court records disclosed neither the purpose of the payments ordered to the victim's wife nor the manner in which they had been determined. In the present case, however, the purpose of the payments was clearly stated to be to support decedent's children. The obligation of parents to support their minor children is clear. MCL 722.3; MSA 25.244(3). The manner in which the payments were determined, while less clear, was not arbitrary; it apparently was based on, or at least in conformity with, accepted child support schedules and limited by defendant's ability to pay. We find no reversible error in the trial court's order of restitution.

Affirmed.

---

[2] While we find the restitution order valid, we are not presented here with the question of whether failure to pay the amount of restitution ordered may result in revocation of defendant's probation. See *People v Heil*, 79 Mich App 739, 745; 262 NW2d 895 (1977), citing *People v Gallagher*, 55 Mich App 613; 223 NW2d 92 (1974). We also note that the trial court has the authority to grant relief in the form of an abatement of payments if defendant's employment status renders continued payments of $30 per week per child oppressive. In this case, the trial court denied defendant's request for post-sentence relief. On appeal, defendant did not challenge the reasonableness of such a denial but chose to base his argument solely on the validity of the original order of restitution. The record is not sufficiently complete for us to express an opinion on whether the trial judge abused his discretion in denying post-sentence relief.