PEOPLE v BRANSON

PEOPLE v JONES

Docket Nos. 77173, 77174. Submitted September 5, 1984, at Grand
     Rapids.—Decided October 16, 1984.

> Larry E. Branson and Theodore Jones were convicted in Allegan
> Circuit Court, James M. Graves, Jr., J., on their pleas of nolo
> contendere to child cruelty. The charges against each arose out
> of the death by beating of a 12-year-old child at the House of
> Judah, a religious organization having an encampment in Alle-
> gan County. The trial court sentenced each defendant to a term
> of probation of five years, with the first year to be served in the
> county jail. In addition to the statutory conditions of probation,
> the trial court also ordered as a condition of probation that
> defendants not live at the House of Judah encampment during
> the term of probation but that they be permitted to go to the
> encampment for a total of not more than four hours once a
> week for the purpose of attending religious services. Defendants
> appealed separately, arguing that the term of probation prohib-
> iting them from living at the encampment or being at the
> encampment more than four hours once a week was an unlaw-
> ful restriction on their right to the free exercise of religion and
> on their right to free association. The appeals were consolidated
> for appellate review. *Held:*
>
> 1. While a sentencing judge has broad discretion in imposing
> conditions of probation which he deems pertinent to the offense
> and appropriate to the rehabilitation of the offender, the exer-
> cise of that discretion is not unfettered, since the conditions
> imposed on the probationer must bear a logical relationship to
> the goal of rehabilitation of the probationer.
>
> 2. Prohibiting the defendants from living at the encampment

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 570.

> Propriety of conditioning probation upon defendant's posting of
> bond guaranteeing compliance with terms of probation. 79 ALR3d
> 1068.
>
> Propriety of conditioning probation or suspended sentence on defen-
> dant's refraining from political activity, protest, or the like. 45
> ALR3d 1022.

was appropriate, since there were children living at the encampment and the defendants felt no remorse or responsibility and felt that they had done no wrong. The trial judge properly considered the safety of others in imposing the restriction. The restriction on the defendants' place of residence during their terms of probation was reasonably related to the goal of the rehabilitation of them.

3. The limitation on the amount of time that defendants could be at the encampment for religious services did not constitute an unconstitutional abridgement of their right to the free exercise of religion, since the limitation specifically provided for the opportunity for them to attend worship services and in no way attempted to impinge upon their right of freedom of belief but rather merely regulated the manner of their conduct for reasons which were reasonably related to the goal of rehabilitation.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PROBATION — CONDITIONS OF PROBATION.

A sentencing judge has considerable latitude in imposing conditions of probation which he may deem pertinent to the offense and appropriate to the rehabilitation of the offender; while the sentencing judge is afforded wide discretion in setting the terms of probation, the exercise of that discretion is not unfettered, since the conditions imposed on the probationer must bear a logical relationship to rehabilitation.

2. CRIMINAL LAW — SENTENCING — PROBATION — CONDITIONS OF PROBATION.

A sentencing judge may properly include as a condition of probation a requirement that a probationer, who was convicted of child cruelty arising out of the beating of a child at a religious encampment, not live at the religious encampment during the duration of his probation where there were other children living at the encampment and the probationer felt no remorse for his acts or responsibility for the death of the child which resulted from the beating, since under such circumstances the limitation on the probationer's place of residence is reasonably related to the goal of rehabilitation.

3. CRIMINAL LAW — SENTENCING — PROBATION — CONDITIONS OF PROBATION — CONSTITUTIONAL LAW — FREEDOM OF RELIGION.

A probation provision, which is otherwise reasonably related to the goal of rehabilitation of the probationer, is not rendered

unenforceable on First Amendment grounds because it limits the probationer's presence at his place of worship to four hours per week, since such a condition of probation only regulates in a reasonable manner a type of conduct and does not seek to impair the protected right to free exercise of a religious belief.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Orton, Tooman, Hale & McKown, P.C.* (by *Stephen B. McKown),* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On December 20, 1983, defendants Branson and Jones each pled nolo contendere to child cruelty, MCL 750.136; MSA 28.331. The pleas were offered pursuant to an agreement which provided that the prosecutor would recommend that the court not impose a sentence in excess of one year. On January 20, 1984, in accordance with the stated recommendation, the trial court sentenced each defendant to a term of five years probation with the first year to be served in the county jail. In addition to the statutory conditions of probation, the trial court imposed the following condition:

"That he [both Branson and Jones] shall not reside at the House of Judah camp during this term of probation; but shall be allowed to come to the House of Judah camp once a week for no more than four (4) hours for the sole purpose of attending religious services."

Defendants appeal as of right challenging the above condition of probation as an unlawful re-

striction upon the freedom of religion and freedom of association.[1]

The incident on which the charges against defendants were based was the death of 12-year-old John Yarbough, who died after being severely beaten by defendants at the House of Judah camp in Allegan County. Evidence of the beating was observed on the child's body. Both defendants admitted to being involved in the beating and to being members of the council of the House of Judah.

The Legislature did not attempt to define what constituted "lawful" terms of probation, and it is clear that the courts have not been constrained within any fixed or definite boundaries by the statutory language "other conditions of probation".[2] As noted in *Detroit v Del Rio,* 10 Mich App 617, 620; 157 NW2d 324 (1968):

"It would serve no useful purpose to attempt to catalogue what may be "other lawful conditions of probation." The Court is not disposed to attempt what the Legislature avoided, and it is clear that considerable latitude is intended for the trial judge in imposing the conditions he may deem pertinent to the offense and appropriate to the rehabilitation of the offender."

Although the sentencing judge is accorded wide discretion, the exercise of that judgment is not unfettered: the conditions imposed upon the probationer must bear a logical relationship to rehabilitation. *People v Higgins,* 22 Mich App 479; 177 NW2d 716 (1970); *People v Johnson,* 92 Mich App 766; 285 NW2d 453 (1979).

Defendants first contend that the portion of the probation order which prohibits them from resid-

[1] These appeals were consolidated by an order dated July 18, 1984.

[2] MCL 771.3(4); MSA 28.1133(4).

ing at the House of Judah encampment is an unconstitutional restriction on the freedom of religion. We find that the facts and circumstances of the present case are distinguishable from the facts of *People v Smith,* 252 Mich 4; 232 NW 397 (1930), upon which defendants rely. Here, unlike in *Smith,* the restriction is limited to the duration of the probationary term and is not an absolute prohibition. Moreover, this case involves a serious act of violence inflicted upon a young child who resided at this same encampment. In fashioning this condition of probation, the judge was acutely aware of the fact that other children lived at the House of Judah community and, in light of the fact that defendants felt no remorse or responsibility and felt that they had not done any wrong, attempted to provide some protection to those children and ensure compliance with other conditions of probation regarding discipline. We find that the judge's concern for others, especially the children of the encampment, was appropriate in light of the nature of this offense and the circumstances surrounding the entire incident. The limitation upon defendants' place of residence during the probationary term is reasonably related to the goal of rehabilitation and is not unlawful.

Defendants also challenge as unlawful and unconstitutional that portion of the probation order which limits the time they may spend at the encampment for religious services. They claim that this term restricts their First Amendment rights of association and free exercise of religion. The prosecutor counters this argument by asserting that, although some restriction of those rights exists, the challenged condition is a reasonable time, place and manner regulation. We find that this condition is an appropriate and lawful restriction upon defendants' activities.

In *People v Ison,* 132 Mich App 61, 64; 346 NW2d 894 (1984), we stated:

"A criminal conviction constitutionally deprives the defendant of much of his liberty; convicts retain some constitutional rights, but those rights are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974); *Meachum v Fano,* 427 US 215; 96 S Ct 2532; 49 L Ed 2d 451 (1976). A probationer retains only those rights which are consistent with his probationary status. *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976)."

Thus, although a defendant will retain much of his religious freedom, the practice of or conduct related to such freedom may be subject to reasonable controls.

It is important to distinguish between freedom of belief, which may not be restricted, and freedom to act, which, as conduct, may be regulated. *Cantwell v Connecticut,* 310 US 296; 60 S Ct 900; 84 L Ed 2d 1213 (1940). In the present case, the trial court explicitly provided that defendants were free to worship and that only their conduct or action was being regulated. Any member of their religious community, including their prophet, could join them in religious activities in an unlimited fashion. The defendants, however, were restricted to attending only four hours of religious services at the encampment. Clearly, it is only the action or conduct which is the subject of regulation and not the freedom of belief itself.

We are satisfied that this condition of probation is both lawful and related to rehabilitation. While some restrictions were imposed upon defendants' right of free exercise of religion, the regulation is

neither absolute nor prohibitive. In developing the individualized probationary conditions, the trial judge devoted considerable thought and effort to the task at hand. After due consideration of the circumstances of the offense, the rights of the individual defendants and the rights of society, he imposed what we believe to be proper, reasonable and lawful conditions of probation.

Affirmed.