PEOPLE v LORETTA MILLER

Docket No. 117774. Submitted December 19, 1989, at Lansing. Decided March 19, 1990.

Loretta Miller pled guilty in the Genesee Circuit Court to possession with intent to deliver more than 50 grams but less than 225 grams of a mixture containing cocaine. The trial court, Valdemar L. Washington, J., sentenced her to lifetime probation. Defendant appealed by leave granted from a condition of probation that she "not associate with persons having a criminal record, namely, Mitchell Valdez." Mitchell Valdez, defendant's boyfriend and the father of her young daughter, was convicted of possession with intent to deliver more than 225 grams but less than 650 grams of a mixture containing cocaine and sentenced to a term of imprisonment as a result of selling the cocaine from Miller's apartment.

The Court of Appeals *held*:

The condition of probation at issue will not necessarily bear a rational relationship to defendant's rehabilitation through her entire lifetime. The condition is amended to read "you shall not associate with Mitchell Valdez until further order of the court." When the sentencing court determines that there is no longer a rational relationship between this condition and defendant's rehabilitation, it shall remove the condition.

Reversed.

G. S. ALLEN, J., dissented. He believes that the probation condition bears a rational relationship to defendant's rehabilitation. He noted the fact that, at some future point, defendant could petition the sentencing court for the removal or limitation of that condition. He would affirm.

CRIMINAL LAW — SENTENCING — PROBATION — APPEAL.

A sentencing judge is accorded wide discretion in setting conditions of probation; the judge's determination will be disturbed only if the conditions are unlawful; conditions of probation are

REFERENCES

Am Jur 2d, Criminal Law §§ 568, 570, 577.

Propriety of conditioning probation on defendant's not associating with particular person. 99 ALR3d 967.

lawful where there is a rational relationship between the conditions and the defendant's rehabilitation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Richard J. Drew,* for defendant.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

SULLIVAN, J. Defendant appeals by leave granted one of the conditions of her lifetime probation sentence, imposed after she pled guilty to possession with intent to deliver more than 50 grams but less than 225 grams of a mixture containing cocaine. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The probation condition which she appeals is, "[y]ou shall not associate with persons having a criminal record, namely, Mitchell Valdez." Mitchell Valdez is the father of defendant's child. She argues that a lifetime prohibition of contact with another person constitutes cruel and unusual punishment.

According to defendant's statement at the plea hearing, Mitchell Valdez was her boyfriend at the time of the offense. She knew that he was selling drugs out of her apartment but, because of her romantic involvement with him, did nothing to stop him or turn him over to the police. Apparently, defendant was not involved with the actual selling of the drugs. Defendant had no prior record, has been through school and was employed. She has a small daughter, fathered by Mr. Valdez.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Mr. Valdez is apparently serving a twenty- to thirty-year imprisonment sentence for possession with intent to deliver more than 225 grams but less that 650 grams of a mixture containing cocaine.

The court sentenced defendant to probation for life, which, at the time pertinent to this case, was allowed by the statute for this offense. As noted above, one of the conditions of her probation was that she have no contact with Mr. Valdez.

A sentencing judge is accorded wide discretion in setting conditions of probation. *People v Gonyo,* 173 Mich App 716, 718; 434 NW2d 223 (1988); *People v Graber,* 128 Mich App 185, 190, 191; 339 NW2d 866 (1983), lv den 419 Mich 880 (1984). Only if the conditions are unlawful will the judge's determination be disturbed. *Id.,* p 191; *People v Winquest,* 115 Mich App 215, 220; 320 NW2d 346 (1982). While there is no ultimate catalog of legal or illegal terms, *People v Johnson,* 92 Mich App 766, 768; 285 NW2d 453 (1979), and the Legislature did not define what constitutes a "lawful" term of probation, *People v Branson,* 138 Mich App 455, 458; 360 NW2d 614 (1984); MCL 771.3(4); MSA 28.1133(4), there must be a rational relationship between the restriction and rehabilitation, *Johnson, supra; Branson, supra.*

In *Graber, supra,* this Court considered whether a probation condition which prohibited the defendant from seeing his wife without the permission of his probation officer was unlawful. The defendant asserted that the condition unnecessarily burdened his constitutional right to privately conduct his marital and family affairs. This Court found the condition lawful. However, the wife had requested the court's aid in protecting her from defendant, the condition imposed was not an absolute prohibition, as is the one imposed in this case,

and it was not a lifetime prohibition. On the other hand, the instant defendant and Valdez are not married and do not have the constitutional or statutory rights marriage invokes.

The prohibition of association with a person with a criminal record is not an unusual condition of probation. Usually, this condition bears a rational relationship to a defendant's rehabilitation, and generally would be considered lawful. It is clear in the present case that the sentencing court considered Valdez to be a bad influence on defendant, since she had never been in trouble before she met him. However, the condition of nonassociation here carries two factors which make it particularly onerous: (1) Valdez is the father of defendant's young child, and (2) the condition is for defendant's lifetime. We do not believe that this condition will necessarily bear a rational relationship to defendant's rehabilitation through her entire lifetime. Thus, under MCR 7.216(A)(1), we amend this condition on the order of probation to read, "you shall not associate with Mitchell Valdez until further order of the court." When the sentencing court determines that there is no longer a rational relationship between this condition and defendant's rehabilitation, it shall remove the condition.

Reversed and remanded. We do not retain jurisdiction.

MICHAEL J. KELLY, P.J., concurred.

G. S. ALLEN, J. (*dissenting*). I respectfully dissent from the majority, and would affirm.

I believe that the probation condition that defendant not associate with Mr. Valdez bears a rational relationship to defendant's rehabilitation. See *People v Branson,* 138 Mich App 455, 458; 360

NW2d 614 (1984). Clearly, Valdez had been a bad influence on defendant. She had never been in any legal difficulties before she met Valdez and, in fact, she appeared to be a productive member of society. It was her involvement with, and feelings for, Valdez that caused her to be involved with the very serious crime she pled guilty to in this case.

While at first glance the condition appears overly onerous, this is tempered by the fact that the terms of probation are always alterable and amendable, both in form and substance, in the court's discretion. *People v Graber,* 128 Mich App 185, 191; 339 NW2d 866 (1983), lv den 419 Mich 880 (1984); MCL 771.2(2); MSA 28.1132(2). Thus, at some future point, defendant would be free to petition the sentencing court for the removal or limitation of that condition. If the court determined at that time that the need for this condition no longer existed, or that the scope of the condition could be reduced, it would be expected to exercise its proper discretion to do so. Further, defendant would have the right to appeal that decision to this Court if she believed that the lower court abused its discretion in the matter. Therefore, I would affirm defendant's sentence.