765 N.W.2d 897 (2008)
PEOPLE
v.
ZUJKO.
Docket No. 281234.
Court of Appeals of Michigan.
Submitted October 14, 2008, at Lansing.
Decided November 13, 2008.
Approved for Publication February 26, 2009, at 9:00 a.m.
*898 Michael A. Cox, Attorney General, B. Eric Restuccia, Solicitor General, Eric J. Smith, Prosecuting Attorney, Robert Berlin, Chief Appellate Attorney, and William Harding, Assistant Prosecuting Attorney, for the people.
Maceroni & Maceroni, P.L.L.C. (by Patricia A. Maceroni), Mount Clemens, for the defendant.
Before: BECKERING, P.J., and BORRELLO and DAVIS, JJ.
PER CURIAM.
Defendant was charged with three counts of possession of child sexually abusive material, MCL 750.145c(4), and three counts of using a computer to commit a crime, MCL 752.796; MCL 752.797(3)(d). Defendant pleaded guilty to one count of use of a computer to commit a crime in return for dismissal of the other charges. The trial court sentenced defendant to five years' probation and ordered him to register as a sex offender and relocate his residence within 180 days pursuant to the Sex Offenders Registration Act. See MCL 28.735. Subsequently, the trial court granted defendant's motion to modify the terms of his probation and allowed defendant to remain in his residence. The prosecution appeals the trial court's decision by delayed leave granted. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).
This case requires us to construe MCL 28.735, which prohibits registered sex offenders from residing in student safety zones. We review matters of statutory interpretation de novo. People v. Hrlic, 277 Mich.App. 260, 262, 744 N.W.2d 221 (2007). We review the trial court's decision to set terms of probation for an abuse of discretion. People v. Miller, 182 Mich.App. 711, 713, 452 N.W.2d 890 (1990).
The prosecution argues that the trial court abused its discretion by modifying *899 the terms of defendant's probation, because the modification was contrary to the terms of MCL 28.735. The prosecution contends that because defendant allegedly resides in a student safety zone and is not covered by any exemption in MCL 28.735, defendant was required to relocate his residence. We disagree.
When interpreting a statute, we must discern and give effect to legislative intent. People v. Gillis, 474 Mich. 105, 114, 712 N.W.2d 419 (2006). If the language of the statute is clear and unambiguous, we presume that the Legislature intended that meaning, and we must enforce the language as written. Id. at 115, 712 N.W.2d 419. Under such circumstances, judicial construction is neither required nor permitted. Turner v. Auto Club Ins. Ass'n, 448 Mich. 22, 27, 528 N.W.2d 681 (1995).
MCL 28.735 provides, in pertinent part:
(1) Except as otherwise provided in this section ... an individual required to be registered under article II [a registered sex offender] shall not reside within a student safety zone.
* * *
(3) This section does not apply to any of the following:
* * *
(c) An individual who was residing within that student safety zone on January 1, 2006. However, this exception does not apply to an individual who initiates or maintains contact with a minor within that student safety zone.
The trial court interpreted the language of MCL 28.735(3)(c) as providing an exemption for individuals who resided in a safety zone as of January 1, 2006. We find no reason to reach a contrary conclusion. The language of MCL 28.735(3)(c) is plain and unambiguous. Stated another way, MCL 28.735(1) and MCL 28.735(3)(c), taken together, mean that a registered sex offender shall not reside in a student safety zone unless the offender resided in that zone as of January 1, 2006. Reasonable minds could not differ with regard to the provision's meaning. See People v. Warren, 462 Mich. 415, 427, 615 N.W.2d 691 (2000). The trial court's interpretation of the statute was not erroneous. See id.
We do not agree with the prosecution's contention that the exemption in MCL 28.735(3)(c) applies only to those individuals who were registered sex offenders as of January 1, 2006, and who also resided in a student safety zone as of that date. The relevant language does not set such requirements. The subsection simply uses the word "individual," which the Sex Offenders Registration Act does not define. See MCL 28.722. The plain and ordinary meaning of that term is "a single human" being or "person." Random House Webster's College Dictionary (1997). The prosecution's interpretation reads additional requirements into the statute, namely that such an individual be a registered sex offender. Such an interpretation is contrary to the well-settled rule of statutory construction that courts must not inject additional requirements into a statute that the Legislature has not included. Polkton Charter Twp. v. Pellegrom, 265 Mich.App. 88, 103, 693 N.W.2d 170 (2005).
The prosecution also argues that the trial court's interpretation renders MCL 28.735(4)[1] nugatory. Subsection 4 gives an *900 individual who resides in a student safety zone and who becomes a registered sex offender 90 days to relocate outside the zone. A reading of MCL 28.735(4) and MCL 28.735(3)(c) indicates that an individual who falls under the 3(c) exemption would not be compelled to comply with the requirement of subsection 4. However, an individual who did not meet the 3(c) requirement, i.e., he or she did not reside in a school safety zone before January 1, 2006, would be required to move his or her residence within 90 days pursuant to subsection 4. The prosecution's contention is erroneous.
Lastly, we find that the prosecution's argument that the trial court's interpretation of MCL 28.735 would give registered sex offenders carte blanche to violate criminal laws is disingenuous. The sentence immediately following the language granting the exemption states: "However, this exception does not apply to an individual who initiates or maintains contact with a minor within that student safety zone." MCL 28.735(3)(c). In other words, if such an individual engages in any contact with a minor, the individual loses the benefit of the exemption and must move his or her residence within 90 days pursuant to subsection 4. This is not carte blanche to violate criminal laws.
In sum, we conclude that the trial court's interpretation was consistent with the plain meaning of MCL 28.735. Because defendant resided in a student safety zone before January 1, 2006, he was exempt from the prohibition against registered sex offenders residing in student safety zones. The trial court did not abuse its discretion when it modified defendant's probation.
Affirmed.
NOTES
[1] MCL 28.735(4) provides, in pertinent part:

An individual who resides within a student safety zone and who is subsequently required to register under article II shall change his or her residence to a location outside the student safety zone not more than 90 days after he or she is sentenced for the conviction that gives rise to the obligation to register under article II.