# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2015

Plaintiff-Appellee,

v

No. 322984
Bay Circuit Court
LC No. 13-010693-FH

DONALD ROBERT BESON,

Defendant-Appellant.

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted by a jury of one count of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (complainant under the age of 13). He was sentenced to 365 days in jail and five years' probation, the conditions of which included restrictions on contact with his two adopted children and a child who was adopted by his former wife. We affirm.

The charge in this case arose from allegations by complainant that defendant, who is her uncle, sexually touched her chest and vaginal area during a sleepover with her cousin at defendant's house. The offense occurred in 2010.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied effective assistance of counsel. We disagree. To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[1] hearing in the trial court. Defendant filed a motion for a *Ginther* hearing with this Court, which was denied for failure to persuade the Court of a necessity for a remand.[2] When an ineffective assistance of

---

[1] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Beson*, unpublished order of the Court of Appeals, entered July 23, 2015 (Docket No. 322984).

-1-

counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.*

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207.

Defendant raises several claims of ineffective assistance of counsel regarding his trial counsel's performance in relation to expert witnesses at trial. Defendant claims that his trial counsel was ineffective for failing to consult or call an expert witness to support defendant's case. Defendant also argues that his trial counsel was ineffective in regard to the prosecutor's expert witness, specifically because defense counsel failed to conduct adequate pretrial discovery, failed to object to the expert's qualification, and inadequately cross-examined the expert witness.

First, we address defendant's claims regarding defense counsel's failure to call or consult an expert witness in child sexual abuse and forensic examination. To support his claim, defendant attached an affidavit from Dr. Katherine Okla, who opined that expert testimony and consultation in the area of child sexual abuse and forensic interviewing would have been very impactful on defendant's case. In response, the prosecution attached an affidavit from defendant's trial counsel in which trial counsel stated that he discussed hiring an expert with defendant. According to defendant's trial counsel, defendant declined to hire an expert witness due to cost and the belief that his testimony and that of other members of his church would lead to an acquittal. While our review is limited to the record evidence, *Heft*, 299 Mich App at 80, we elect to expand the record to include both parties' affidavits to facilitate prompt review of this issue. MCR 7.216(A)(4). In light of trial counsel's affidavit, which is unchallenged by defendant, we conclude that defendant is not entitled to reversal on this basis. By refusing to hire an expert witness, defendant contributed to the error alleged on appeal and has accordingly waived review. Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence, defendant has waived appellate review of this issue. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003).

In regard to the prosecution's expert witness, defendant raises several claims of ineffective assistance. First, defendant asserts that trial counsel was ineffective for waiving the notice requirement in MCR 6.201 in regard to the prosecutor's expert witness, Detective Daniel Adams of the Grand Rapids Police Department. MCR 6.201 requires a party, upon request, to provide the name and address of all lay and expert witnesses no later than 28 days before trial. In this case, defendant's trial counsel never requested discovery regarding the expert witness from the prosecutor, did not receive the name of the expert until one week before trial, and did not speak with Adams until immediately preceding his testimony at trial. In regard to this claim of error, even assuming defendant can show that trial counsel's performance fell below an objective standard of reasonableness, we are not convinced that the outcome of trial would have been different but for counsel's error. *Nix*, 301 Mich App at 207. Defendant makes no argument

regarding how knowing Adams's identity would have impacted trial. Rather, defendant's position seems to rely on his claim that his attorney should have consulted an expert witness, who would have assisted defendant's trial attorney in discrediting the prosecutor's expert witness. For the reasons set forth above, we are unconvinced defendant is entitled to relief on that basis, and, thus, we are not persuaded that defense counsel's failure to conduct discovery impacted defendant's trial. This is especially true in light of the fact that, after defense counsel noted on the record that he had not spoken with Adams, the trial court adjourned trial to allow counsel to speak with him. We conclude that the adjournment, which had no time restriction, cured any error such that no prejudice resulted. While the interview was brief, trial counsel indicated that he was satisfied and trial proceeded. Accordingly, defendant is not entitled to reversal for this reason.

Second, defendant asserts that his trial counsel was ineffective in failing to challenge the qualifications of the prosecutor's expert witness because, according to defendant, Adams did not meet the requirements of an expert witness under MRE 702, which governs the admissibility of expert testimony:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *People v Dobek*, 274 Mich App 58, 78; 732 NW2d 546 (2007), this Court held that a police officer may be qualified as an expert on the basis of experience or training in child abuse cases. See also *People v Petri*, 279 Mich App 407, 416; 760 NW2d 882 (2008) (holding that the police detective who testified regarding the "grooming" behavior of child sex abusers would have qualified as an expert where he testified that he had "15 years of experience with the Livingston County Sheriff's Department, and received training in the forensic interviewing of children."). Here, we are not convinced that defense counsel was ineffective for failing to object to Adams's expert testimony. As in *Dobek* and *Petri*, Adams testified at length regarding his training at the local, state, and national levels. Adams also testified that he has consulted on over 1,200 cases involving child sexual abuse and at the time of trial had more than 10 years handling that type of case. Thus, with this background and experience, Adams would have been qualified as an expert to speak in generalities regarding child sexual abuse. Defense counsel is not ineffective for failing to raise a meritless argument or futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Finally, defendant claimed that his trial counsel failed to adequately cross examine Adams. Defendant failed to factually develop an argument regarding this issue and, thus, abandoned this issue. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). Moreover, our review of the record reveals that defense counsel's cross-examination was adequate. Defense counsel elicited testimony that it was

equally easy for a child who made a false allegation of abuse to continue in his or her activities in a normal manner as it would be for a child whose allegations are truthful, that Adams had seen that situation in the 1,200 cases he had been involved in, that false accusations were not uncommon or unusual, and that he had cases where the alleged victim lied to a friend about alleged abuse when the friend disclosed her own prior abuse. We further note that Adams spoke only in generalities, thereby acknowledging the limitations of his experience and knowledge.

## II. EVIDENCE ADMITTED PURSUANT TO MCL 768.27A

Defendant next argues that the trial court erred by admitting evidence of another offense of sexual abuse under MCL 768.27a. We disagree. This Court reviews for an abuse of discretion a preserved challenge to the admission of evidence. *People v Orr*, 275 Mich App 587, 588; 739 NW2d 385 (2007). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *Id*.

MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Here, the evidence at issue, testimony by the complainant that defendant had previously molested her while camping, plainly falls within the scope of MCL 768.27a. However, evidence admissible pursuant to MCL 768.27a may still be excluded under MRE 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *People v Watkins*, 491 Mich 450, 481, 486; 818 NW2d 296 (2012).

> [W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference. [*Id*. at 487.]

The Court further held that "[t]here are several considerations that may lead a court to exclude such evidence. These considerations include (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony." *Id*. at 487-488.

In this case, although the trial court incorrectly referenced MRE 404(b) when deciding to admit the evidence, it correctly performed the MRE 403 balancing test. The evidence could not be excluded simply because it would allow the jury to draw a propensity inference. *Watkins*, 491 Mich at 487. The allegation of sexual contact at the camp was nearly identical to the charged offense and the two acts occurred within a one-month period. Finally, because there was no

physical evidence of the sexual contact, the desire for additional evidence to persuade the jury was compelling. Thus, the prejudicial effect of the evidence did not outweigh its probative value and the trial court did not abuse its discretion by admitting the other-acts evidence.[3]

### III. EVIDENCE ADMITTED PURSUANT TO MRE 404(A)(1)

Defendant next argues that the trial court erred by admitting other-acts evidence pursuant to MRE 404(A)(1). We disagree. The evidence at issue was that defendant was discharged in 2012 from a position at an elementary school for inappropriate contact with a nine-year-old girl. MRE 404(a)(1) provides in relevant part:

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

> (1) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same[.]

"Once a defendant has placed his character in issue, it is proper for the prosecution to introduce evidence [under MRE 404(a)(1)] that the defendant's character is not as impeccable as is claimed." *People v Vasher*, 449 Mich 494, 503; 537 NW2d 168 (1995). When a defendant attempts to establish that he "[is] a loving family man who would not consider molesting young girls, the prosecution [is] entitled to rebut this." *Id*. The admission of such evidence is subject to the balancing test of MRE 403.

In this case, the trial court correctly determined that defendant placed his character in issue during his opening statement and during his direct examination. During opening argument, trial counsel stated that witnesses would tell the jury about defendant's character, that he was a family many who was involved with his church, social activities, and children's groups, and that there was no "dark side" to defendant. During his testimony, defendant placed his character in issue by describing himself as a Christian family man, testifying that there was never an allegation of misconduct as a foster parent, that he had never formally or informally been accused of molesting a child, and by invoking the name of God to proclaim his innocence. Taken together, defendant clearly brought his entire character into issue by implying that he should be believed because he is a good Christian family man who had never been charged with misconduct related to a child or with molesting a child and that he was trustworthy. The other-acts evidence related to his discharge for inappropriate contact with a nine-year-old child—the

---

[3] In regard to this issue, defendant appears to rely on case law involving analysis of MRE 404(b) rather than MCL 768.27a. In *Watkins*, 491 Mich at 476-477, our Supreme Court concluded that in cases where MCL 768.27 applies, "it supersedes MRE 404(b)" because the statute was enacted not "to further the orderly dispatch of judicial business, but to address a substantive concern about the protection of children and the prosecution of persons who perpetrate certain enumerated crimes against children and are more likely than others to reoffend." Therefore, defendant's reliance on case law involving MRE 404(b) is misplaced.

same age as complainant when the alleged acts occurred—was properly admitted as evidence to rebut defendant's proclaimed character traits and level of appropriateness with children. *Vasher*, 449 Mich at 503.

Defendant argues that even if the trial court correctly determined that he placed his character in issue, evidence of his dismissal in 2012 for inappropriate contact with a child should not have been admitted because it was unfairly prejudicial pursuant to MRE 403. Unfair prejudice occurs when the jury gives too much weight to evidence with little probative value. *People v McGhee*, 268 Mich App 600, 613; 709 NW2d 595 (2005). In other words, unfair prejudice exists when proposed evidence "adversely affect[s] the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id*. (quotation marks and citation omitted).

The defense in this case was that defendant never had sexual contact with complainant, that on the basis of his character he should be believed, and that complainant's allegations were false and unbelievable. The other-acts evidence was highly probative on the issue of defendant's character as a good Christian family man who had never been accused of misconduct regarding, or molestation of, a child. Thus, the evidence was very probative of a fact in issue because it made less probable a fact of consequence—whether defendant's character was as impeccable as he claimed—than it would have been without admission of the testimony. Accordingly, the evidence was not unfairly prejudicial, and the trial court did not abuse its discretion by admitting it.

Defendant also argues that if the other-acts evidence was properly admitted, his trial counsel was ineffective for opening the door to this character evidence. A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy. *Payne*, 285 Mich App at 190. We do not agree that defense counsel was ineffective. Defendant's theory of the case was that complainant's allegations were false and that the jury should believe him. By arguing in his opening statement that defendant was a Christian family man with no dark side, and eliciting on direct examination that defendant had never been charged with sexually molesting a child or with misconduct as a foster parent, trial counsel attempted to bolster his credibility. The decision was a matter of trial strategy, which this Court does not second guess, *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and on this record presumptively reasonable given the he-said, she-said nature of the charges. Because the admission of other-acts evidence is in the trial court's discretion, trial counsel may have determined that the opening statement and the direct testimony were a calculated risk. "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). On the record before this Court, trial counsel's actions were objectively reasonable.

We note that even if trial counsel's actions were objectively unreasonable, defendant is unable to establish that "but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. Defendant testified that he left notes and gifts for the nine-year-old girl because he was trying to convert her to Christ, which tied in with his portrait of himself as a Christian family man who was heavily involved with his church. In addition, all the character witnesses testified that they were aware of the details surrounding his discharge and that the information did not alter their opinions regarding his character for truthfulness and

honesty. One witness testified that she believed defendant gave the girl notes because the girl was saddened. The testimony of defendant's prior pastor was particularly potent because he was not surprised defendant left candy and gifts for the child since he looks out for "unfortunate folk and then helps them." Further, he testified that inappropriate conduct would not comport with defendant's character. Thus, defendant's testimony and that of his numerous character witnesses gave an innocent explanation for his behavior with the girl, a reason that tied in with his Christian beliefs. Under these circumstances, defendant is unable to establish that there is a reasonable probability that the outcome of the trial would have been different.

## IV. TERMS OF PROBATION

Finally, defendant argues that the probation condition of no-contact with his adopted daughters and the son adopted by his former wife violates his constitutional right to parent his children. We note that he did not raise this issue below and that unpreserved constitutional issues are reviewed for plain error. *People v Carines*, 460 Mich 750, 752, 764; 597 NW2d 130 (1999). Moreover, this Court reviews for an abuse of discretion the trial court's decision to set terms of probation. *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *Orr*, 275 Mich App at 588.

In Michigan, "[a] sentencing judge is accorded wide discretion in setting conditions of probation." *People v Miller*, 182 Mich App 711, 713; 452 NW2d 890 (1990). The trial court has authority to "fix and determine the period and conditions of probation" and "may amend the form or substance at any time." MCL 771.2(2). When a trial court sentences a defendant to a term of probation, certain conditions of probation are required, MCL 771.3(1), while others are discretionary, MCL 771.3(2), like imposing conditions "reasonably necessary for the protection of 1 or more named persons," MCL 771.3(2)(o). The trial court may also "impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." MCL 771.3(3). A sentencing judge's determination will be disturbed only if the conditions are unlawful. *People v Graber*, 128 Mich App 185, 191; 339 NW2d 866 (1983). There must be a rational relationship between the restriction and rehabilitation. *Miller*, 182 Mich App at 713.

Defendant asserts that the limitations on contact with his adopted children and the son adopted by his former wife violate his fundamental constitutional right to parent his children, relying on *Troxel v Granville*, 530 US 57, 65-66; 120 S Ct 2054; 147 L Ed 2d 49 (2000). However, when faced with similar challenges to probationary conditions that impact a defendant's constitutional rights, this Court has upheld probationary restrictions provided the term is limited in scope and rationally related to a defendant's rehabilitation. *Miller*, 182 Mich App at 712-714; *People v Branson*, 138 Mich App 455, 457-461; 360 NW2d 614 (1984); *Graber*, 128 Mich App at 191-192.

Here, we conclude that the trial court did not abuse its discretion by imposing a no-contact condition on probation. *Zujko*, 282 Mich App at 521. Protection of one or more named persons is a lawful condition of probation. MCL 771.3(2)(o). The no-contact provision was for a limited term (five years). Like in *Branson*, 138 Mich App at 457-458, where the restrictions were imposed to protect children from physical abuse, the trial court imposed the no-contact

order to protect defendant's adopted daughters. Although the Department of Health and Human Services (DHHS) apparently investigated the home and found no sign of abuse, defendant was found guilty of sexual contact with his then nine-year-old niece, who he described as being "like one of his own children." In addition, the sexual contact between defendant and the complainant occurred in situations where other people were present (albeit asleep) but the potential for discovery was high, making even supervised visits risky. Further, evidence was presented that defendant was discharged from his position at a school for inappropriate contact with a nine-year-old girl. Like *Miller*, where this Court concluded that a no-contact provision until further order of the court, as opposed to for life, would be appropriate, prohibiting contact with his adopted daughters for the five-year term bears a rational relationship to the defendant's rehabilitation. *Miller*, 182 Mich App at 714. The probation condition is lawful and is not "outside the range of reasonable and principled outcomes." *Orr*, 275 Mich App at 588. Therefore, there was no plain error.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood