# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CRISTY JEAN WILSON,

       Defendant-Appellant.

UNPUBLISHED
July 27, 2017

No. 330799
Chippewa Circuit Court
LC No. 14-001527-FC

Before: SERVITTO, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals, by delayed leave granted, certain probation conditions imposed for her guilty plea conviction of aggravated indecent exposure, MCL 750.335a(2)(b). The trial court sentenced defendant to a five year term of probation, with the first nine months to be served in jail. The trial court imposed additional probation conditions upon defendant and required the payment of specific court costs and fees. We vacate the condition of the defendant's probation restricting her from owning, possessing, or using "any computer or any device capable of connecting to the [i]nternet[,] either directly or indirectly[,] through a third party provider or reside in any residence in which these are present." We also remand for a hearing on whether the internet restrictions are warranted and, if so, for the court to tailor those internet restrictions to conform to the purpose behind defendant's individualized order of probation. We affirm in all other respects.

Defendant, 24 years old when she entered her guilty plea, admitted that at some point between 2005 through 2010 (when she was between 14 and 19 years old) she exposed and fondled her breast in front of a young person.[1] The trial court sentenced defendant to a five year probation which included as a condition of probation that defendant not "own, possess, or use any computer or any device capable of connecting to the [i]nternet[,] either directly or indirectly[,] through a third party provider or reside in any residence in which these are present"

---

[1] Defendant was originally charged with three counts of first degree criminal sexual conduct, MCL 750.520b, and three counts of second degree criminal sexual conduct, MCL 750.520c, but those charges were dismissed as part of the plea agreement in which defendant pled guilty to the added count of aggravated indecent exposure, MCL 750.335a(2)(b).

unless she first obtains written permission from the field agent. Additionally, the trial court ordered defendant to pay $68 for "State Cost," $130 as a crime victim assessment fee, $300 in court costs, $600 as a supervision fee, and $400 as a county probation oversight fee.

Thereafter, defendant moved the trial court to correct an "invalid sentence." Defendant argued that the complete ban on computer and internet use was an unlawful, overbroad probation condition and was not rationally related to defendant's rehabilitation or the facts of the case. Defendant further sought to have the order for a $400 "county probation oversight fee" vacated, contending that the trial court lacked the necessary statutory authorization to impose that assessment. The trial court denied defendant's motion. The trial court acknowledged that the computer ban seemed overbearing and was "excessive maybe on some levels," but opined that because the county apparently imposed the computer ban as a restriction on all individuals under their supervision for sex offenses, it was not going to "step on the toes of the legislation." The trial court further found that the $400 fee is supported through the county and that there was verification as to how the funds were to be used by the county. A panel of this Court denied defendant's delayed application for leave to appeal the above decision. *People v Wilson*, unpublished order of the Court of Appeals, entered February 4, 2016 (Docket No. 330799). However, our Supreme Court, in lieu of granting defendant's application for leave to appeal the Court of Appeals' denial, remanded the cases to the Court of Appeals for consideration as on leave granted. *People v Wilson*, 500 Mich 928; 889 NW2d 249 (2017).

We review the trial court's decision to set terms of probation for an abuse of discretion. *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). A trial court abuses its discretion only when its decision falls outside the principled range of outcomes. *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013).

A sentencing judge is accorded wide discretion in setting conditions of probation. *People v Miller*, 182 Mich App 711, 713; 452 NW2d 890 (1990). MCL 771.3(3) permits a court to "impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." Thus, only if the conditions are unlawful will the judge's determination be disturbed. *Miller*, 182 Mich App at 713. "While there is no ultimate catalog of legal or illegal terms, and the Legislature did not define what constitutes a 'lawful' term of probation, there must be a rational relationship between the restriction and rehabilitation." *Id.* (internal citations omitted).

The discretion given to the trial court to impose "other lawful conditions of probation" is "obviously necessary to allow trial judges to tailor sentences to the differing circumstances of those convicted of crimes and to meet the requirement of individualized sentencing." *People v Peters*, 191 Mich App 159, 165; 477 NW2d 479 (1991); MCL 771.3(3). According to this Court:

> To accomplish the purpose of [probation], an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane[,] and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of broad discretion. [*Peters*, 191 Mich App at 165, quoting *Burns v United States*, 287 US 216, 220; 53 S Ct 154; 77 L Ed 266 (1932)].

"[E]ach judge must decide for himself whether there is a rational relationship between the restriction and rehabilitation." *People v Johnson*, 92 Mich App 766, 768; 285 NW2d 453 (1979).

The challenged probation term restricted defendant from owning, possessing, or using "any computer or any device capable of connecting to the[i]nternet[,] either directly or indirectly[,] through a third party provider or reside in any residence in which these are present" unless she first obtains written permission from the field agent. According to defendant's probation officer, Bruce Garchow, the condition was imposed on all individuals that are under supervision for sex offenses. *Any* universal probation condition defeats the aim of rehabilitation where it is not tailored to each individual's offense and rehabilitation. The victim in this matter reported various incidents of sexual assault by defendant, and included a statement that defendant showed him pornographic movies. While pornography can be accessed on the internet, the restriction failed to account for other legitimate, lawful and necessary use of a computer and the internet. Placing a total ban on one's ability to use a computer and the internet for five years, or to reside in any residence where a computer or the internet is present, could pose a significant barrier to a defendant's transition back into society. Moreover, such a broad restriction could prove unworkable in today's high-tech society where some jobs require online applications and even the most basic cell phones are "capable of connecting to the internet."

In her brief on appeal, as she did before the trial court, defendant outlines several legitimate reasons to use the internet. Specifically, defendant desires to use the internet to research questions and issues related to the parenting of her recently born twins, job hunting, housing, and daycare, and to communicate with her fiancé and to allow her children to do so while he is on military duty. The trial court did not state any reason for the blanket restriction and the prosecution did not explain how the restriction might be related to defendant's rehabilitation. In fact, the trial court was troubled by the overbearing and the excessive nature of the condition, but declined to modify the restriction. A broad blanket restriction on the use of the internet and computers, without regard to a defendant's need for the resources and the state's interest in rehabilitation of the defendant is questionable, particularly when there was nothing to show that the restriction was lawfully and logically related to the defendant's rehabilitation. *Miller*, 182 Mich App at 713; *Peters*, 191 Mich App at 164-165.

Federal appellate courts have addressed similar issues regarding computer and/or internet restrictions.[2] For instance, in *United States v Sofsky*, 287 F3d 122, 124 (CA 2, 2002), the defendant pleaded guilty to receiving child pornography. A condition of his probation prohibited him from using a computer or the internet without the approval of his probation officer. *Id.* Quoting *United States v Peterson*, 248 F3d 79, 83 (CA 2, 2001), the court noted that " 'computers and Internet access have become virtually indispensable in the modern world of communications and information gathering,' " and that " 'although a defendant might use the

---

[2] "Though not binding on this Court, federal precedent is generally considered highly persuasive when it addresses analogous issues." *Wilcoxon v Minnesota Min & Mfg Co*, 235 Mich App 347, 360 n 5; 597 NW2d 250 (1999).

telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones.' " *Sofsky*, 287 F3d at 126. The court vacated the condition and remanded for "entry of a more restricted condition." *Id*. at 127.

Similarly in *United States v Miller*, 594 F3d 172 (CA 3, 2010), the third circuit vacated the trial court's probation condition imposing a lifetime limitation on internet use where the defendant was convicted of child pornography, holding that it was a greater restraint of liberty than is reasonably necessary and that "conditions restricting computer and internet usage for child pornography offenders . . . as they bear on tools that are essential in modern life for legitimate purposes of communication, commerce, and information-gathering, must be narrowly tailored according to the context of the particular offense."

In the present case, while there was a mention at the motion hearing that the police report indicated that the pornography shared with the victim was accessed on the internet, this could not be gleaned from the PSIR or the victim's statement, which indicated only that he had been shown pornography, but did not indicate whether it was on the computer as opposed to a television. In any event, while these facts might provide some basis for a restriction, the trial court did not individualize or tailor the restriction in this case. Rather, the trial court imposed the condition because it was universal, while noting that it was "overbearing" and "excessive on some levels." Given the broadness of the probation condition in this case and the failure to tailor it to defendant's rehabilitation, we vacate the condition and remand to the trial court for a hearing on whether the internet restrictions are warranted and, if so, for the trial court to tailor those internet restrictions to conform to the purpose behind defendant's individualized order of probation.

With respect to defendant's challenge to the $400 "county oversight fee," as unauthorized by statute, we note that issues of statutory interpretation are questions of law that we review de novo. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 309; 645 NW2d 34 (2002). "The right of the court to impose costs in a criminal case is statutory." *People v Cunningham*, 496 Mich 145,149; 852 NW2d 118 (2014), quoting *People v Wallace*, 245 Mich 310, 313; 222 NW 698 (1929). "Thus, courts may impose costs in criminal cases only where such costs are authorized by statute." *Id*. "[W]hen a criminal defendant is placed on probation, courts may require the probationer to pay expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and the supervision of the probationer." *Id*. (internal quotation marks omitted); MCL 771.3(5).

MCL 771.3(2)(c) provides that as a condition of probation, the court may require the probationer to pay costs pursuant to subsection (5). Subsection (5) provides: "If the court requires the probationer to pay costs under subsection (2), the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and the supervision of the probationer."

During the motion hearing, plaintiff explained that county probation oversight fees are used by the county to cover probation expenses like heat, light, and other utilities. Specifically, plaintiff stated that the statutory purpose for the fee was for the supervision of probationers. Additionally, probation officer Garchow explained that the probation oversight fee was a "standard" fee associated with all probationers, which "goes to cover the office supplies used in

-4-

the supervision of probationers." The oversight fee is thus authorized under MCR 771.3(2)(c) and (5) as an expense incurred in the supervision of a probationer and the trial court did not err in imposing the fee.

We vacate the condition of the defendant's probation restricting her from owning, possessing, or using "any computer or any device capable of connecting to the [i]nternet[,] either directly or indirectly[,] through a third party provider or reside in any residence in which these are present" and remand to the trial court for a hearing on whether the internet restrictions are warranted and, if so, for the court to tailor those internet restrictions to conform to the purpose behind defendant's individualized order of probation. We affirm in all other respects. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Christopher M. Murray
/s/ Stephen L. Borrello