*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KRISTIE MARIE VANHARN,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2025
9:39 AM

No. 369808
Ionia Circuit Court
LC No. 2023-018775-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant Kristie Marie VanHarn appeals by leave granted[1] her sentence for furnishing a cell phone to a prisoner in violation of MCL 800.283a(1). The trial court imposed a condition of probation prohibiting defendant, a licensed social worker, from working in the field of mental health during her term of probation. Defendant now appeals, arguing the trial court did not have the authority to impose this condition. We affirm.

## I. FACTS

Defendant is a licensed social worker and was working as a qualified mental health professional at the Handlon Correctional Facility in Ionia when the offense occurred. Defendant developed a relationship with a prisoner and gave him numerous items of contraband. Upon a search of the prisoner's cell, correctional officers found a cell phone, two phone chargers, three vape pens, matches, THC gummies, Suboxone, and more. A search of the cell phone revealed contact with defendant. Defendant told the police that the prisoner had threatened her with violence if she did not smuggle contraband to him. However, a search of the text messages on defendant's cell phone revealed no initial threats, and suggested defendant and the prisoner had a

---

[1] *People v VanHarn*, unpublished order of the Court of Appeals, entered April 9, 2024 (Docket No. 369808).

-1-

romantic relationship—it wasn't until after the prisoner became suspicious that the defendant was going to turn him in that he began to threaten her via text message.

On December 15, 2022, before defendant was criminally charged in this matter, an administrative complaint was filed with the Disciplinary Subcommittee of the Board of Social Work, a part of the Department of Licensing and Regulatory Affairs (LARA), alleging defendant had violated certain sections of the Public Health Code, MCL 333.1101 *et seq*. The Disciplinary Subcommittee entered a consent order in which defendant stipulated that she violated MCL 333.16221(a) (violation of general duty), (b)(i) (incompetence), and (b)(vi) (lack of good moral character). The consent order limited defendant's social work license for a minimum of one year, placed her on probation for one year, and suspended defendant's license for a minimum period of one day. The order provided that defendant's suspended license shall be "automatically reinstated" upon completion of a mental health evaluation, three hours of continuing education in ethics, payment of a fine, a meeting with a licensed social worker to discuss the allegations, and completion of any additional follow-up recommendations from the mental health evaluation and social worker meeting, along with adherence to other restrictions on her employment.

As to defendant's criminal case, defendant pleaded no contest to furnishing a cell phone to a prisoner due to the potential for civil liability. The trial court sentenced defendant to 135 days in jail and placed her on probation for 36 months. The trial court also imposed a condition of probation prohibiting defendant from working in the mental health field during her term of probation. Defendant's judgment of sentence included as term number fifteen: "Defendant is not permitted to work in Mental Health Field while on Probation." At sentencing, the trial court stated, "You are not to be engaged in the field of therapy in any way, shape, or form." Defendant now appeals, arguing that the trial court was without authority to restrict her employment.

## II. STANDARDS OF REVIEW

A trial court's decision to set terms of probation is reviewed for an abuse of discretion. *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes. *People v Beesley*, 337 Mich App 50, 54; 972 NW2d 294 (2021). "This Court reviews de novo questions of both statutory interpretation and constitutional law." *People v Vanderpool*, 505 Mich 391, 397; 952 NW2d 414 (2020) (citations omitted). See also *Carter v DTN Management Company*, __ Mich __,__; __ NW3d __ (2024) (Docket No. 165425); slip op at 5.

## III. ANALYSIS

### A. COURT'S AUTHORITY TO RESTRICT EMPLOYMENT

Defendant argues the Public Health Code, MCL 333.16221, gives LARA the exclusive authority to discipline those with professional licenses. We disagree.

When interpreting a statute, we must discern and give effect to legislative intent. If the language of the statute is clear and unambiguous, we presume that the Legislature intended that meaning, and we must enforce the language as written.

-2-

Under such circumstances, judicial construction is neither required nor permitted. [*Zujko*, 282 Mich App at 522 (citations omitted)].

"[S]entencing courts have wide discretion in setting terms of probation." *Vanderpool*, 505 Mich at 404. Probation conditions are governed by MCL 771.3. The statute lists conditions that must be included in any sentence for probation, as well as conditions that a court may impose in its discretion. MCL 771.3(1) and (2). "Subject to subsection (11), the court may impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." MCL 771.3(3). Subsection (11) provides in pertinent part: "The conditions of probation imposed by the court under subsections (2) and (3) must be individually tailored to the probationer, must specifically address the assessed risks and needs of the probationer, must be designed to reduce recidivism, and must be adjusted if the court determines adjustments are appropriate." MCL 771.3(11). "Only if the conditions are unlawful will the judge's determination be disturbed." *People v Miller*, 182 Mich App 711, 713; 452 NW2d 890 (1990). "While there is no ultimate catalog of legal or illegal terms, and the Legislature did not define what constitutes a 'lawful' term of probation, there must be a rational relationship between the restriction and rehabilitation." *Id.* (citations omitted). Sentencing courts are to be "guided by factors that are lawfully and logically related to the defendant's rehabilitation." *People v Johnson*, 210 Mich App 630, 634; 534 NW2d 255 (1995).

Here, the trial court imposed a probation condition barring defendant from working in the field of mental health while on probation. Defendant cites no authority to support her contention that the trial court could not impose this condition. The plain language of MCL 333.16221, which sets forth grounds for investigation of licensees, is unambiguous. MCL 333.16221 gives LARA the authority to discipline professional licensees. But there is nothing in the statute that gives LARA the *exclusive* authority to impose restrictions on licensees. As the prosecution points out, if that were the case, then there could be no criminal sanction for an offense if LARA chose to investigate and impose sanctions for the same behavior giving rise to the criminal conviction. Trial courts have wide discretion in setting terms and conditions of probation. See *Vanderpool*, 505 Mich at 404. The trial court merely imposed its own sanction as part of defendant's criminal case, which was logically related to defendant's rehabilitation, and limited in duration to her three-year term of probation. This does not affect LARA's ability to impose licensing sanctions on defendant, as it has done. Furthermore, the trial court did not revoke or suspend defendant's social work license, or impose conditions on her license to practice in other areas of social work. Defendant may complete all of the requirements to reinstate her social work license per the consent order, but she cannot work in the mental health field until she has successfully completed probation.

## B. LAWFULNESS OF PROBATION CONDITION

Defendant asserts that the probation condition restricting her employment in mental health is unlawful because it is not reasonably related to rehabilitation.

As stated above, the only requirements that limit a judge's discretion in setting terms of probation are that the terms be (1) lawful, (2) individually tailored to the probationer, (3) specifically tailored to address the assessed risks and needs of the probationer, and (4) designed to reduce recidivism. See MCL 771.3(11). As to what constitutes a "lawful" condition, the only

guidance provided by case law is that there must be a rational relationship between the restriction and rehabilitation. See *Miller*, 182 Mich App at 713.

Defendant worked as a mental health professional at a prison where she developed a relationship with a prisoner, presumably defendant's client, and provided him with a cell phone as well as multiple items of contraband. This was an exploitation of defendant's position as a mental health professional. Defendant developed this romantic relationship with a client, and helped bring him multiple items of contraband that easily could have been used to hurt others inside and outside the prison. Defendant was convicted of providing a cell phone to a prisoner and, as a condition of probation, was barred from practicing in the field of mental health during her three-year term of probation. This condition is individually tailored to defendant, and specifically addresses the risk that she might again abuse her position as a mental health counselor. See MCL 771.3(11).

Also, the condition is designed to reduce recidivism and is reasonably related to rehabilitation because it eliminates the possibility that defendant might re-offend in a similar manner, at least during her term of probation. Unlike in *People v Higgins*, 22 Mich App 479, 481-482; 177 NW2d 716 (1970), where the trial court gave no reasons for its probation condition, the trial court here stated its reasons on the record: the trial court found it concerning that defendant could work as a mental health professional in a similar role within a year if she complied with the LARA sanctions. Thus, it imposed the condition that defendant cannot work in the mental health field while she is on probation for three years. See *Miller*, 182 Mich App at 714. The probation condition is rationally related to defendant's rehabilitation, and it is therefore lawful.

Defendant also argues that the probation condition interferes with her constitutional rights to freedom of speech and freedom of association. But defendant has not shown that her rights are violated by the temporary restriction on her employment. Defendant is not restricted from using her social work license in other employment settings. Defendant is only restricted from practicing in the mental health field. The restriction is also limited in duration to defendant's term of probation, which is within the power of the trial court. MCL 771.3(11). See also *Miller*, 182 Mich App at 714 (a court cannot impose a condition that lasts indefinitely).

## C. SEPARATION OF POWERS

Defendant contends that the trial court's probation condition violates the separation of powers doctrine because it conflicts with LARA's consent order.

"The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. "[H]owever, the separation-of-powers doctrine does not require an absolute separation of the branches of government." *People v Cameron*, 319 Mich App 215, 232; 900 NW2d 658 (2017). In determining whether one branch of government disrupts the "proper balance" between the branches, "the proper inquiry focuses on the extent to which it prevents the [other branch] from accomplishing its constitutionally assigned functions." *Nixon v Administrator of General Services*, 433 US 425, 443; 97 S Ct 2777; 53 L Ed 2d 867 (1977).

Defendant has not shown how the probation condition conflicts with LARA's authority to impose licensing sanctions. The provisions of the Public Health Code giving LARA the authority to discipline professional license-holders do not indicate that LARA is the exclusive entity to impose sanctions. When a license-holder breaks the law, they can expect to be sanctioned criminally as well. Defendant can earn back her social work license within one year, in accordance with LARA's consent order, but she cannot practice in the field of mental health during her three-year term of probation, regardless of her licensing status, per the trial court's judgment of sentence. The restriction imposed by the trial court in no way interferes with the consent order, nor does it prevent LARA from enforcing its sanctions on defendant. Therefore, defendant's sentence does not violate the separation of powers. See *Cameron*, 319 Mich App at 232; *Nixon*, 433 US at 443.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman